UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HARPER,<br><br>    Respondent. | Case No. CV 17-0165-JGB (JEM)<br><br>**ORDER TO SHOW CAUSE** |

On January 9, 2017, Brandon Favor filed the instant petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. This action is one of at least fifty cases Favor has filed since 2014 and at least fourteen he has filed since November 2016.

I. **PRIOR PROCEEDINGS**

On May 30, 2014, Favor filed a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 in case cumber CV 14-4441-JGB (JEM) ("First Habeas Action"). Favor ultimately filed a first amended petition ("FAP") in the First Habeas Action on August 25, 2014.

On October 21, 2016, the FAP was denied and the First Habeas Action was dismissed with prejudice.

As set forth more fully below, Favor is a repeat, serial litigant. He has filed at least fifty actions directly in this district or that have been transferred to this Court by another district. Except for the First Habeas Action, which was not facially frivolous, all of these actions have been meritless and have not been resolved in his favor. It is clear that, going forward, Favor will continue to abuse the judicial process and consume this Court's time and resources with frivolous litigation.

Accordingly, the Court finds that it is appropriate to warn Favor that he may be deemed a vexatious litigant. This Order places Favor on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon him before he may file any other civil complaint, IFP application, or habeas petition with this Court or file any document in a case that is closed and final.

## II. APPLICABLE LAW REGARDING VEXATIOUS LITIGANTS

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.3d at 1148; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long). However, because restricting access to the courts is a "serious matter," Ringgold-Lockhart, 761 F.3d at 1061, district courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances. Molski, 500 F.3d at 1057.

Local Rule 83-8.2 governs vexatious litigant determinations in the Central District. It provides:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a

> vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Local Rule 83-8.2. "Any order issued under [Local Rule]. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Local Rule 83-8.3; see also DeLong v. Hennessey, 912 F.2d at 1147 (To support a vexatious litigant finding, "[a]t the least, the records needs to show, in some manner, that the litigant's activities were numerous or abusive.").

In making a vexatious litigant finding, a district court must "comply with certain procedural and substantive requirements" set forth by the Ninth Circuit before imposing pre-filing restrictions. Ringgold-Lockhart, 761 F.3d at 1062.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

De Long, 912 F.2d at 1147-48 (internal quotations and citations omitted).

While the first two requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "'helpful framework'" in "'applying the two substantive factors.'" Ringgold-Lockhart, 761 F.3d at 1062 (quoting Molski, 500 F.3d at 1058). These substantive considerations are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g.,

3

does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). According to the Ninth Circuit, "[t]he final consideration – whether other remedies 'would be adequate to protect the courts and other parties' is particularly important." Ringgold-Lockhart, 761 F.3d at 1062.

The Court addresses these factors below.

### III. DISCUSSION

#### A. Notice and Opportunity to Be Heard

The Court hereby notifies Favor that it is considering a vexatious litigant order for the reasons set forth in this Order. As discussed below, Favor must file a written response within **fourteen (14) days** of the date of this Order.

#### B. An Adequate Record for Review

Favor has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis.

##### 1. Habeas Petitions Filed Before the First Habeas Action:

The following are habeas petitions that were dismissed summarily for lack of jurisdiction because they were patently frivolous: (1) Favor v. People, CV 13-5299-JSL (JEM); (2) Favor v. People, CV 14-0555-JGB (JEM).

##### 2. Habeas Petitions Filed While the First Habeas Action Was Pending

The following are habeas petitions that were filed while the First Habeas Action was pending, which were construed as motions to amend the FAP and denied as futile: (1) Favor v. People, CV 14-6655-JGB (JEM); (2) Favor v. Harris, CV 15-2918-JGB (JEM); (3) Favor v. Warden, CV 15-5681-JGB (JEM); (4) Favor v. People, CV 15-9086-JGB (JEM); (5) Favor v. Dep't of Corrections, CV 16-0328-JGB (JEM); (6) Favor v. Parama, CV 16-3884-JGB (JEM);

(7) Favor v. People, CV 16-3903-JGB (JEM); (8) Favor v. Paramo, CV 16-4313-JGB (JEM); (9) Favor v. Paramo, CV 16-4383-JGB (JEM); (10) Favor v. Favor, CV 16-4872-JGB (JEM); (11) Favor v. Paramo, CV 16-5120-JGB (JEM).

### 3. Habeas Petitions Filed After Dismissal of the First Habeas Action

The following are unauthorized successive habeas petitions filed after the First Habeas Action was dismissed with prejudice:[1] (1) Favor v. Minaj, CV 16-8494-JGB (JEM); (2) Favor v. Harper, CV 16-8593-JGB (JEM); (3) Favor v. Vasquez, CV 16-8883-JGB (JEM); (4) Favor v. Ryan, CV 16-9011-JGB (JEM); (5) Favor v. Vasquez, CV 16-9112-JGB (JEM); (6) Favor v. Harper, CV 16-9255-JGB (JEM); (7) Favor v. Minaj, CV 16-9334-JGB (JEM); (8) Favor v. Harper, CV 16-9356-JGB (JEM); (9) Favor v. Carter, CV 16-9357-JGB (JEM); (10) Favor v. Paramo, CV 16-9475-JGB (JEM); (11) Favor v. Vasquez, CV 16-9537-JGB (JEM); (12) Favor v. People, CV 17-0165-JGB (JEM).

The following are habeas actions that Favor purported to file on behalf of other people in which he did not appear to have standing: (1) Turner v. Favor, CV 16-9333-JGB (JEM); (2) Favor v. People, CV 17-0134-JGB (JEM).

### 4. Civil Rights Actions

The following are civil rights actions in which Favor's applications to proceed without prepayment of filing fees ("IFP Applications") were denied and the cases were dismissed because the complaints were frivolous, malicious and/or failed to state a claim: (1) Favor v. Fair, CV 16-5834-JGB (JEM); (2) Favor v. Slaveowners, CV 15-5839-JGB (JEM); (3) Favor v. Slavemasters, CV 15-5840-JGB (JEM); (4) Favor v. Los Angeles Superior Court, CV 15-5842-JGB (JEM); (5) Favor v. Los Angeles District Attorney, CV 15-5875-JGB (JEM); (6) Favor v. Rome, CV 15-7076-JGB (JEM); (7) Favor v. Ku Klux Klan, CV 15-7077-JGB (JEM); (8) Favor v. Shaiid Ali-El, CV 15-7132-JGB (JEM); (9) Favor v. Food and Drug Administration, CV 15-7132-JGB (JEM); (10) Favor v. Jefferson, CV 15-7134-JGB (JEM); (11) Favor v. Wimfroy, CV

---

[1] Many of these cases were filed recently and remain pending as of the date of this Order. However, review of the petitions demonstrate that they are unauthorized successive habeas petitions subject to summary dismissal.

15-7135-JGB (JEM); (12) Favor v. Bazrut, CV 15-7136-JGB (JEM); (13) Favor v. Guidroz, CV 15-7137-JGB (JEM); (14) Favor v. Guthry, CV 15-7509-JGB (JEM); (15) Favor v. The Moorish Science Temple of America, Inc., CV 15-7857-JGB (JEM); (16) Favor v. People, CV 15-7878-JGB (JEM); (17) Favor v. Baby Cash Money Records, CV 15-8175-JGB (JEM); (18) Favor v. Simpson, CV 15-9496-JGB (JEM); (19) Favor v. Brown, CV 15-9502-JGB (JEM); (20) Favor v. Williams, CV 16-0042-JGB (JEM); (21) Favor v. Guthry, CV 16-0212-JGB (JEM); (22) Favor v. Boydd, CV 16-0690-JGB (JEM); (23) Favor v. Hutcherson, CV 16-1129-JGB (JEM); (24) Favor v. Baby Cash Money Records, CV 16-1131-JGB (JEM); (25) Favor v. State, CV 16-2870-JGB (JEM); (26) Favor v. Slave Owners, CV 16-8038-JGB (JEM); (27) Favor v. Harper, CV 16-8713-JGB (JEM).

### C. Substantive Findings About the Frivolous or Harassing Nature of Favor's Litigation

Favor's previous filings are both numerous and meritless. Given the sheer quantity of his filings, it would be unduly burdensome to address the specifics of each action. However, the dockets for the civil rights cases listed above readily demonstrate that the IFP Applications were denied and the actions dismissed because the complaints were frivolous, malicious, and/or failed to state a claim. The various habeas petitions, other than the First Habeas Action, were dismissed as patently frivolous, construed as meritless motions to amend, or appear to be unauthorized successive petitions. These filings are rambling, confusing, mostly unintelligible, and most contain no clear claim for relief. They are also largely duplicative and repetitive. The following examples adequately demonstrate the frivolous and harassing nature of Favor's litigation:

Brandon Favor v. Slaveowners, CV 15-5839-JGB (JEM); Brandon Favor v. Slaveowners, CV 16-8038-JGB (JEM): In two separate civil rights actions, Favor sued "Slaveowners" purportedly on behalf of himself and "All African Americans." (Complaint at 1.)[2] There was no further description of defendants nor was there any indication they were state

---

[2] The Court refers to the pages of Favor's pleadings as numbered by the Court's CM/ECF system.

actors. Favor alleged that the civil right at issue was "freedom," which was violated by defendants' "inconsist[e]nt statements." (Id. at 8.) There were no additional legal claims or supporting facts alleged to support any civil rights claims, although in case number CV 16-8038-JGB (JEM), Favor inexplicably attached various documents apparently relating to his underlying criminal conviction and subsequent habeas petitions. Favor's IFP Applications in both cases were denied and the cases dismissed because the complaints failed to state a claim and no amendment could cure the complaints' defects.

Brandon Favor v. Slavemasters, CV 15-5840-JGB (JEM): Favor filed a civil rights complaint purportedly on behalf of himself and "All Former Slaves," which named "Slavemasters" as defendants. (Complaint at 1.) There was no further description of defendants nor was there any indication they are state actors. Favor identified the civil right at issue as "inapplicable," but asserted that his rights were violated by defendants'"inconsist[e]nt statements." (Id. at 5, 7.) There are no additional legal claims or supporting facts alleged. Favor's IFP Application was denied and the case dismissed because the complaint failed to state a claim and no amendment could cure the complaint's defects.

Brandon Favor v. The Moorish Science Temple of America, Inc., CV 15-7857-JGB (JEM): Favor filed a civil rights complaint naming The Moorish Temple of America, Inc., as the sole defendant. (Complaint at 1, 6.) There was no indication that defendant was a state actor. Favor identified the civil right at issue as "non-statutory relief," which was allegedly violated by defendant's "inconsist[e]nt statements." (Id. at 8.) There were no additional legal claims or supporting facts alleged. Favor's IFP Application was denied and the case dismissed because the complaint failed to state a claim and no amendment could cure the complaint's defects.

Brandon Favor v. Baby Cash Money Records, CV 15-8175-JGB (JEM): Favor filed a civil rights complaint naming Baby Cash Money Records as the sole defendant. (Complaint at 1.) There was no indication that defendant was a state actor. Favor identified the civil right at issue as "non-statutory relief, cruel and unusual punishment," which was allegedly violated by defendant's "inconsist[e]nt statements (apply by right) of civil [unintelligible] relief." (Id. at 5.)

7

There were no additional legal claims or supporting facts alleged. Favor's IFP Application was denied and the case dismissed because the complaint failed to state a claim and no amendment could cure the complaint's defects.

<u>Brandon Favor v. Baby Cash Money Records</u>, CV 16-1131-JGB (JEM): Favor filed a civil rights complaint naming "Baby Cash Money Records, Lil Wayne (Nikki Minaj), Nicki Minaj (Brandon Favor), and Unidentified Victims (Johnathan Doe[s])" as defendants. (Complaint at 1.) There was no indication that any of these defendants were state actors. Favor identified the civil rights allegedly violated as "cruel and/or unusual punishment." (<u>Id.</u> at 5.) Favor alleged that defendants violated his rights as follows: "Under inordinate effects, living conditions [uncontested] within the penal institution were not recognized, and unsafe or a hazard for the public, including prison population, as well kept, [unintelligible], a substance of unlike nature or natures where its fluent recognition went and became expended." (<u>Id.</u>) There were no additional legal claims or supporting facts alleged. Favor's IFP Application was denied and the case dismissed because the complaint failed to state a claim and no amendment could cure the complaint's defects.

<u>Brandon Favor v. People</u>, CV 13-5299-JSL (JEM): Favor filed this habeas petition before he filed the First Habeas Action. The petition consisted of 31 pages of confused and unfocused rambling and any grounds for relief asserted therein were deficient. For example, Favor set forth a single claim for relief in the form petition, stating: "Prosecution along with judicial authorities in part by association acted to convict appella[nt] on criminal wrongdoing in association with and by criminal wrongdoing. Trial counsel motive of defense could not result with non-guilty findings." (Petition at 3.) Favor's remaining allegations, which are partly illegible, mostly incoherent, and include palpably incredible allegations (<u>see</u> <u>id.</u> at 18 (claiming that Favor "witnesse[d] Jesus Christ spirit leave his . . . body (as to) float over to Mr. Castaneda then disappear into the heavens")), are similarly deficient. Accordingly, the petition was found to be patently frivolous and was summarily dismissed.

<u>Brandon Favor v. Warden</u>, CV 15-5681-JGB (JEM): Favor filed this state habeas petition while the First Habeas Action was still pending. Both petitions challenged Favor's

conviction in Los Angeles County Superior Court case number BA285265. (Petition at 1-4.) Here, Favor set for the following grounds for relief: (1) "Ability to provide information with parties involved using sorcery, witchcraft, black magic, voodoo" (id. at 6); (2) "Jury instruction on duress" (id. at 8); and (3) "Emergency. . . . I did not act to commit a crime under duress" (id. at 9). In support of Ground One, Favor attached a page of handwritten notes that were largely illegible and wholly unintelligible. (Id. at 7.) The page purports to be "a list of leads" for respondent's counsel and appears to include names and contact information from the "Department of Mental Health Records Dept." for people associated with "witchcraft," "voodoo," "dark spirits," "mental manipulation," and so forth. (Id.) Favor offered no additional facts or arguments to support his other claims, but did include over a hundred pages of exhibits pertaining to his underlying conviction and prior habeas actions. The petition was construed as a motion to amend the FAP in the First Habeas Action, which was denied as futile.

Brandon Favor v. Nikki Minaj, Baby Cash Money Records, Maxine A., CV 16-8494-JGB (JEM): Favor filed this state habeas petition after the First Habeas Action was denied on the merits and dismissed with prejudice. This petition and the FAP in the First Habeas Action both challenged Favor's conviction in Los Angeles County Superior Court case number BA285265. (Petition at 7.) Favor made no showing that he had permission from the Ninth Circuit to file a successive habeas petition, as required by 28 U.S.C. § 2244(b). Accordingly, the petition is subject to summary dismissal. It remains pending as of the date of this Order.

These cases easily satisfy the "substantive considerations" identified by the Ninth Circuit. They reflect a broad pattern of frivolous and/or harassing litigation that Favor has initiated in this Court. Favor could not have had an "objective good faith expectation of prevailing" as the Court has repeatedly explained to Favor that these claims are meritless. While Favor's pro se status is a mitigating factor in this analysis, it does not outweigh the burden on the Court that addressing Favor's numerous meritless actions has involved.

Accordingly, the Court's substantive findings concerning Favor's previous filings weigh strongly in favor of limiting his ability to engage in future frivolous litigation.

### D. A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("[A pre-filing] injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."). Favor has demonstrated a pattern of filing frivolous lawsuits against a variety of defendants. See De Long, 912 F.2d at 1147. Thus, it is appropriate in this situation to issue an order preventing Favor from filing any IFP applications, complaints, or habeas petitions in a new action or any document in a case that is closed and final against any defendant or respondent, without court permission.

If Favor is found to be a vexatious litigant, this Court will recommend that a pre-filing order be issued requiring Favor to obtain leave of court before filing any IFP application, complaint, or habeas petition in a new action or any document in a case that is closed and final. Favor will have to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court to file a new action or any document in a case that is closed and final.

### ORDER TO SHOW CAUSE

In accordance with the foregoing, Brandon Favor is ORDERED TO SHOW CAUSE why the Court should not deem him a vexatious litigant in light of his repeated filing of frivolous actions.

If Favor objects to being declared a vexatious litigant, he shall file a response to this Order to Show Cause **within fourteen (14) days** of the date of this Order and shall present any grounds he may have to controvert the Court's above findings.

IT IS SO ORDERED.

Date: January 13, 2017　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE